IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| GLORIA ALICIA RYAN | § | |
| | § | |
| Plaintiff, | § | |
| v. | § | No. 3:25-CV-00470-S |
| | § | |
| LERLA G. JOSEPH, M.D.; CENTRAL VIRGINIA COALITION OF HEALTHCARE PROVIDERS (CVCHIP) D/B/A JERICHO REACH ACO; and DOES 1 THROUGH 30 | § § § § § | |
| | § | |
| Defendants. | § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Plaintiff Gloria Alicia Ryan initiated this lawsuit, on December 13, 2024, when she filed her Original Petition in the 95th Judicial District Court of Dallas, County, Texas, asserting state law claims for breach of contract, promissory estoppel, fraud, negligent misrepresentation, and conspiracy against her former employers, Defendants Lerla G. Joseph, M.D. and the Central Virginia Coalition of Healthcare Providers. *See generally* Rem. Not., Ex. 1 (ECF No. 1-1). Following service on Defendants on January 31, 2025, Defendants timely removed this action to the Northern District of Texas, Dallas Division, based on diversity jurisdiction. *See id.* at 1, ¶ 1 (ECF No. 1). Plaintiff filed, but later withdrew, a motion and an amended motion to remand the lawsuit to state court. *See* Mot. Remand (ECF No.

1

7); Am. Mot. Remand (ECF No. 9); Not. (ECF No. 14). Defendants then moved to transfer this case to the Eastern District of Virginia. Mot. (ECF No. 17). As explained below, the Court should GRANT Defendants' Motion to Transfer (ECF No. 17) this removed civil action to the Richmond Division of the Eastern District of Virginia in the interest of justice. 28 U.S.C. § 1404(a).

"For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought or to any district or division to which all parties have consented." 28 U.S.C. § 1404(a). "Section 1404(a) requires the court to first evaluate whether the suit could have been brought in the district or division to which the moving party proposes transferring it." *Transparent Energy LLC v. Premiere Mktg. LLC*, 2020 WL 4678438, at *2 (N.D. Tex. July 28, 2020) (Rutherford, J.) (citing *In re Horseshoe Ent.*, 337 F.3d 429, 433 (5th Cir. 2003) (per curiam)), *adopted by* 2020 WL 4673102 (N.D. Tex. Aug. 12, 2020) (Lindsay, J.). Venue is proper in a judicial district in which any defendant resides if all defendants are residents of the same state. 28 U.S.C. § 1391(b)(1).

If the case could properly have been brought in the proposed forum, then the court must consider certain private and public interest factors to determine whether, on balance, transferring the case would best serve the interests of justice and be more convenient for the parties and witnesses. *In re Volkswagen of Am., Inc.*, 545 F.3d 304, 315 (5th Cir. 2008) (en banc). The private interest factors include: "(1) the relative ease of access to sources of proof; (2) the availability of

compulsory process to secure the attendance of witnesses; (3) the cost of attendance for willing witnesses; and (4) all other practical problems that make trial of a case easy, expeditious and inexpensive." *Id.* (quoting *In re Volkswagen AG*, 371 F.3d 201, 203 (5th Cir. 2004) (per curiam)). The public interest factors are: "(1) the administrative difficulties flowing from court congestion; (2) the local interest in having localized interests decided at home; (3) the familiarity of the forum with the law that will govern the case; and (4) the avoidance of unnecessary problems of conflict of laws [or in] the application of foreign law." *Id.* (quoting *In re Volkswagen AG*, 371 F.3d 201, 203 (5th Cir. 2004) (per curiam)).

As the court balances these factors, "[t]he moving parties bear the burden of proving by a preponderance of the evidence that transfer is appropriate." *Evol, Inc. v. Supplement Servs., LLC*, 2010 WL 972250, at *1 (N.D. Tex. Feb. 28, 2010) (Ramirez, J.) (quoting *Bank One, N.A. v. Euro-Alamo Invs., Inc.*, 211 F. Supp. 2d 808, 812 (N.D. Tex. Jan. 8, 2002) (Fitzwater, J.)), *adopted by* 2010 WL 982564 (N.D. Tex. Mar. 16, 2010) (O'Connor, C.J.). "A motion to transfer venue pursuant to § 1404(a) should be granted if the movant demonstrates that the transferee venue is clearly more convenient[.]" *In re Radmax, Ltd.*, 720 F.3d 285, 288 (5th Cir. 2013) (internal quotation marks and citation omitted).

Here, Plaintiff could have brought her suit in the Eastern District of Virginia, as that is where Dr. Joseph resides and all Defendants are located in Virginia. Am. Rem. Not. at 2, ¶ 3 (ECF No. 6). Indeed, because Plaintiff does not dispute that

3

venue would be proper in the Eastern District of Virginia, the Court turns to the private and public interest factors.

And the Court finds that—on balance—transferring the case to the Eastern District of Virginia would best serve the interest of justice. Significantly, there is no interest—public or private—in having this dispute resolved in the Northern District of Texas. Indeed, this district lacks any connection to the parties or the events underlying the lawsuit.

None of the parties are a resident or citizen of this district. Defendants are all in Richmond, Virginia. Am. Rem. Not. at 2, ¶ 3 (ECF No. 6).

Plaintiff resides in Frisco, Texas, and allegedly worked "remotely" from her home on Crab Creek Drive in Frisco at the time of the events giving rise to this lawsuit. Pl.'s Resp. at 3, ¶¶ 8, 9 (ECF No. 27); Pl.'s Decl. at 6 (ECF No. 28). Plaintiff's home is located in Denton County, and—despite Plaintiff's assertions—Denton County is in the Sherman Division of the Eastern District of Texas. 28 U.S.C. § 124(c)(3).

As this district lacks any connection to the parties or the events underlying the lawsuit, there is no interest in having this dispute resolved here. Transferring the case to the Eastern District of Virginia, where at least the Defendants are located, is clearly more convenient and would best serve the interest of justice. Accordingly, the Court should GRANT Defendants' Motion to Transfer (ECF No. 17) this removed civil action to the Richmond Division of the Eastern District of Virginia.

**SO RECOMMENDED.**

October 27, 2025.

_____
REBECCA RUTHERFORD
UNITED STATES MAGISTRATE JUDGE

**INSTRUCTIONS FOR SERVICE
AND NOTICE OF RIGHT TO OBJECT**

A copy of these Findings, Conclusions, and Recommendation (FCR) shall be served on all parties in the manner provided by law. Any party who objects to any part of this FCR must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). To be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the FCR where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district judge, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).